UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAILASH CHANDRA CHAUDHARY,<br><br>Plaintiff,<br><br>v.<br><br>GIRDHARI S. GUPTA,<br><br>Defendant. | Case No. 5:18-cv-02292-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 5 |

Pro se plaintiff Kailash Chandra Chaudhary filed this action, asserting federal question jurisdiction. Shortly after, he submitted a motion for the appointment of counsel. The court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). Having reviewed the record in this matter, this court concludes that this case should be dismissed for lack of subject matter jurisdiction and that the pending motion for appointment of counsel should be terminated.

Generally, there is no right to counsel in a civil case. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). However, courts have discretion to request volunteer counsel for indigent civil litigants upon a showing of exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel");

*see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) ("The court may appoint counsel under section 1915[(e)(1)] . . . only under 'exceptional circumstances'"). To ascertain whether exceptional circumstances exist, the court must determine (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017.

Having reviewed the record, and for the reasons explained below, the court finds that there is no federal subject matter jurisdiction over Chaudhary's claims.

The record presented indicates that Chaudhary sued defendant Gupta in one or more lawsuits in state court. In sum, Chaudhary claims that Gupta made statements in deposition and that a judge "shut [Chaudhary's] claims due to [Gupta]'s testimony." (Dkt. 1, Complaint at 8). Chaudhary says that he discovered a letter from Gupta that "not only absolutely refutes [Gupta]'s claims in his deposition; additionally combined with other evidences the letter discloses [Gupta]'s willful malicious conducts," which reportedly led to the termination of Chaudhary's parental rights. (*Id.*). Chaudhary now says that the state courts "have completely brushed aside this matter. This is the basis of my Complaint." (*Id.*). Indeed, the complaint indicates that plaintiff decided to file the present federal action "after California Supreme Court denied to hear [his] Petition on **03/21/2018**." (*Id.* at 1).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).

Chaudhary's complaint presents no federal claim for relief.

To the extent Chaudhary seeks to have this court review the state court judgments, this court lacks jurisdiction to do so. Under the *Rooker-Feldman*[1] doctrine, a federal district court lacks jurisdiction to review the final determinations of a state court in judicial proceedings. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

Chaudhary claims that Gupta violated his civil rights by engaging in deceitful conduct and violating Chaudhary's parental rights. However, all indications are that Gupta is a private individual; and, private individuals do not act under color of state law, an essential element of a civil rights action under 42 U.S.C. § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals or entities. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). There is no indication that Gupta acted under color of state law. Nor does it appear that plaintiff plausibly could allege it.

Moreover, "'[f]amily relations are a traditional area of state concern.'" *H.C. ex rel Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Moore v. Sims*, 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979)). And, federal courts have no general jurisdiction over domestic relations matters. *Id.; Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L.Ed.2d 468 (1992) ("We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

Finally, although Gupta is the sole named defendant, to the extent Chaudhary's complaint suggests that his claims may also be based upon alleged misconduct by the state court judges in the underlying actions, he has no viable claim for relief because absolute judicial immunity applies. Chaudhary contends that the state court judges reached the wrong conclusions, failed to consider important evidence, and entered erroneous judgments. It is well settled that even in civil rights actions brought pursuant to 42 U.S.C. § 1983, judges acting within their judicial jurisdiction are absolutely immune from liability for damages. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). This immunity applies even where a judge is accused of acting maliciously or corruptly. *Id.* "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial

3

capacity." *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978). As long as a judge has jurisdiction to perform the judicial act in question, he or she is immune "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff," and without regard to the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L.Ed.2d 507 (1985) (internal quotations and citations omitted). Here, the record indicates that the complained-of conduct concerns alleged acts performed by the state court judges acting in their judicial capacity and within their judicial jurisdiction.

Thus, plaintiff's complaint does not present any facts or theories of liability establishing a claim for relief under federal law. Nor is it apparent that there could be any basis for diversity jurisdiction. *See* 28 U.S.C. § 1332 (providing for jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states). Accordingly, the undersigned concludes that the court lacks jurisdiction over plaintiff's claims and, further, that the jurisdictional deficiencies cannot be resolved by amendment.

Because not all parties have consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge dismiss this matter for lack of subject matter jurisdiction and terminate plaintiff's motion for the appointment of counsel. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

Dated: May 1, 2018

HOWARD R. LLOYD
United States Magistrate Judge