UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAILASH CHANDRA CHAUDHARY,<br><br>Plaintiff,<br><br>v.<br><br>GIRDHARI S. GUPTA,<br><br>Defendant. | Case No. 5:18-cv-02292-EJD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 6 |

Pursuant to 28 U.S.C. §636 and Federal Rule of Civil Procedure 72(b), the Court conducted a de novo review of the Magistrate Judge's Report and Recommendation (Dkt. 6). The Court also considered Plaintiff's Objection (Dkt. 10). The Court adopts the Report and Recommendation in full. Plaintiff alleges that the "heart of my complaint is the harm done to us by" Defendant Girdhari S. Gupta's "willful malicious conducts." Complaint, p. 34. Plaintiff alleges that after he was incarcerated, he gave Defendant durable power of attorney. Defendant thereafter allegedly embezzled Plaintiff's funds, committed other acts of fraud, including among other things, selling Plaintiff's house without Plaintiff's consent. Plaintiff sued Defendant unsuccessfully in one or more lawsuits in state court.

Plaintiff's complaint does not present any facts or theories of liability establishing a claim for relief under federal law. Plaintiff alleges that the California courts have "completely brushed aside" his case and that this "must violate federal laws." Complaint, p. 8. Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction to review the final determinations of a state court in judicial proceedings. Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).

Furthermore, the state court judges who presided over Plaintiff's state court actions are entitled to absolute immunity. <u>Pierson v. Ray</u>, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). In his Objection, Plaintiff contends that this Court has jurisdiction because Defendant allegedly committed federal crimes. In general, however, private persons such as Plaintiff are not authorized to seek redress for federal crimes.

Nor is there a basis for diversity jurisdiction. Title 28 U.S.C. §1332 provides for federal court jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff contends that diversity jurisdiction exists because his daughter, who was also an alleged victim of Defendant's conduct, has dual citizenship. <u>See</u> Objection, p. 6. Plaintiff's daughter is not a named Plaintiff in this case and therefore her citizenship is irrelevant. Plaintiff raises additional "issues of diversity" in his Objection. None of these additional "issue of diversity" establish a basis for diversity jurisdiction.

The motion for appointment of counsel is denied. The case is dismissed without leave to amend.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 16, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-02292-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

2